UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> AL OTT, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-788-JD-MGG |

OPINION AND ORDER

Edward Williams, a prisoner without a lawyer, filed a vague and confusing complaint that contains seemingly unrelated claims. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that, on August 16, 2022, following an allergic reaction to a medication, he fell while attempting to get down from his top bunk. He has sued Al Lott because he is in charge of the jail and the jail does not provide ladders for getting in and out of the top bunks. He is also suing Al Lott for allegedly having an

unconstitutional policy regarding legal mail, although he does not clearly describe the policy.

Williams was hospitalized briefly following the fall, and he then returned to the jail. He offers little detail regarding his injuries or the medical treatment he received, but he indicates that he did not receive pain medication or x-rays. It is unclear if Williams is suing regarding inadequate medical care and, if he is, who he is suing.

Williams is also suing Corporal Jamie Eguia regarding events that occurred on Aug. 18, 2022. He alleges that Corporal Jamie Eguia brought him some legal work and asked why he needed a copy that had been requested. He explained that he was suing Judge Jamie Oss, Prosecutor Elizabeth A. Boehm, and David K. Payne. Williams still wasn't feeling well due to the allergic reaction or fall when he was talking with Corporal Eguia. Corporal Eguia thought he looked high and had the nurse assess Williams. Williams never received the copies he requested from Corporal Eguia.

Williams is also suing Corporal Carlos Espinoza regarding events that occurred on August 19, 2022. Williams had a confrontation with his cell mate and Carlos Espinoza said he was high and put him in segregation for nine days, even when Williams explained what was going on with the meds and his back. Williams indicates that much of his property was missing when he was released from segregation.

On August 22nd or 23rd, Williams received discovery related to a criminal case, including a copy of the search warrant. He was apparently not permitted to have these documents. They are now missing, and he fears they have fallen into the wrong hands. Williams does not connect these allegations to any defendant named in this lawsuit.

2

Williams may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Williams because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Williams is unable to select related claims on which to proceed in this case, one of these options may become necessary. Williams needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552

3

F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file an amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Williams will be granted an opportunity to file an amended complaint containing additional factual details and only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he needs to use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 8-1. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

Williams has also filed a letter requesting a temporary restraining order that (1) prevents his mail from being photocopied and held; and (2) directs the jail to have an M.R.I. taken so he can use the results of the test as discovery in this case. ECF 4. Until Williams files an amended complaint with only related claims and the court has screened that amended complaint, preliminary injunctive relief cannot be granted.

For these reasons, the court:

(1) DENIES the request for a temporary restraining order contained in Williams's letter (ECF 4);

(2) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Edward Williams along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;[1]

(3) GRANTS Edward Williams until **November 18, 2022**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(4) CAUTIONS Edward Williams that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on October 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Should Williams require additional forms, he may obtain them from the prison's law library.