UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWARD WILLIAMS,

Plaintiff,

v.                                              CAUSE NO. 3:22-CV-788-JD-MGG

ALLEN OTT, et al.,

Defendants.

<u>OPINION AND ORDER</u>

Edward Williams, a prisoner without a lawyer, filed an amended complaint

against Jail Captain Allen Ott, Jail Corporal Carlos Espinoze, and Head Sgt. Jeffrey Holt.

ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. "In order to state a claim

under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a

federal constitutional right; and (2) that the defendants acted under color of state law."

*Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Williams alleges that some of his mail has been "illegally opened," but he does

not indicate what the mail was, why he believes opening it was illegal, or even when he

received the mail. He attaches envelopes to his complaint from the Indiana Supreme Court, United States District Court, the ACLU, and a law firm. The motion for temporary restraining order filed with the complaint suggests there is a policy of copying and holding all legal mail, but he does not describe the policy in his complaint.

As an initial matter, while Williams has not described each item of "legal" mail that was improperly opened, not everything that Williams considers legal mail meets the definition. The phrase "legal mail" is a confusing term of art. The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that jail officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). *See also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005)("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.") The materials mailed from various courts, although not specifically identified, was likely part of the public record and, at any rate, would not have included communications protected by either the Sixth Amendment[1] or attorney-client privilege. The same is true for materials mailed from law firms that do not represent Williams. It is unclear if either the ACLU or the law firm

---

[1] The Sixth Amendment does not appear to be implicated here because it deals with the rights of accused in criminal prosecutions, and Williams' complaint does not allege that any of the mail at issue pertained to a criminal proceeding.

2

of Braje, Nelson & Janes, LLP represents Williams. However, even if he is represented by an attorney who mailed one of these envelopes, a single isolated instance of opening legal mail does not give rise to liability. *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003). Thus, unless the missing or delayed mail implicated Williams's ability to access the courts, his constitutional rights have not been violated.

On August 18, 2022, Williams asked for a copy of a document that was being "illegally held" because he needed a copy of the document for court proceedings and his copy was incomplete. Again Williams does not say what the document was or if it is the same document that was allegedly illegally opened, although he does say that it was related to a lawsuit against Judge Oss, Prosecutor Boehm, and Attorney David K. Payne. Corporal Carlos Espinoza agreed that he could have the requested copy. After the request was approved, Williams was placed in segregation for unrelated reasons. While in segregation, he received discovery related to a current case (it is unclear if he is referring to the civil case against Judge Oss, Prosecutor Boehm, and Attorney David K. Payne or another matter). Jail policy prohibits him from keeping the discovery in his cell while in segregation. He was told to place it into a tray, which was held by officers. When released from segregation, Williams' papers could not be found. It is unclear if he is referring to the document that he wanted copied or the discovery materials. Williams further states there are communications between himself and Espinoza detailing what was "illegally photocopied" and why he needs it, but his complaint does not describe the documents or why he needed them. When Williams discussed this with Sgt. Holt, he said he didn't care about it. Williams asserts that he has now missed a couple

3

deadlines; he does not indicate what deadlines were missed or how it impacted his case. He further claims that he has been subjected to "vindictive counsel" and "prosecutorial vindictiveness" because the documents are somehow being used against him, but he does not explain what happened.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the

defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The only legal claim that Williams references is a lawsuit against Judge Oss, Prosecutor Boehm, and Attorney David K. Payne. He did not describe the nature of his legal claim or explain how that claim had been harmed. Furthermore, Williams has sued Corporal Espinoza but alleges only that Corporal Espinoza agreed he could have a copy he requested and knew why he needed the lost documents. Williams sued Sgt. Holt but alleges only that he was not helpful when Williams talked to him after the documents had been lost. Williams does not allege that either Corporal Espinoza or Sgt. Holt was responsible for opening legal mail or denying him access to the courts. He has sued Jail Commander Allen Ott, but other than naming him as a defendant, he is not mentioned in the complaint. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

To the extent that Williams is alleging a claim based on loss of property, the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's

action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

This complaint does not state a claim for which relief can be granted. If Williams believes he can state a claim based on (and consistent with) the events described in this complaint, Williams may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Williams has also filed a motion requesting a temporary restraining order that prohibits photocopying and holding legal mail. ECF 7. Until Williams files an amended complaint that states a claim, preliminary injunctive relief cannot be granted. However, even if the complaint did state a claim, Williams should be aware that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v.*

*Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If Williams renews his motion for temporary restraining order, he must explain how he meets each requirement for a preliminary injunction to be granted.

For these reasons, the court:

(1) DENIES the motion for temporary restraining order (ECF 7);

(2) GRANTS Edward Williams until **December 9, 2022**, to file an amended complaint; and

(3) CAUTIONS Edward Williams if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 7, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT